<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KIM RAGLAND,

      Petitioner,

v.

JAMES BARNES,

      Respondents.

Civil Action No. 14-7294 (WJM)

**OPINION**

**APPEARANCES**:

    KIM RAGLALND, #362775B
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114
    *Petitioner Pro Se*

**MARTINI, District Judge:**

    Kim Ragland a/k/a Mark Johnson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Union County, on March 14, 2014, after he pled guilty to fourth-degree criminal trespass. After reviewing the Petition, as required by 28 U.S.C. § 2254 Rule 4, this Court will dismiss the Petition without prejudice as unexhausted and decline to issue a certificate of appealability.

## I.   BACKGROUND

    Petitioner signed his § 2254 Petition on November 14, 2014. The Clerk received it on November 20, 2014. The Petition raises one ground: "NJSPB fails to grant jail credit issued by court making petitioner entitled to immediate release from custody, which is a violation of my rights under U.S. Eight[h] Amendment of United States." (ECF No. 1 at 5.) The face of the form

Petition shows that Petitioner did not appeal the judgment of conviction. (ECF No. 1 at 2.) Petitioner states in the Petition that on May 31, 2014, he filed a petition for post-conviction relief in the New Jersey Superior Court, Union County, in which he claimed that he did not receive jail credit, and that he has not received a decision. Id. at 3. Petitioner attached a memorandum to the § 2254 Petition in which he argues, inter alia, that the exhaustion requirement is inapplicable to because he is seeking immediate release from incarceration. (ECF No. 1-5 at 3.)

## II.   DISCUSSION

**A.     Exhaustion**

Prior to reviewing the merits of federal claims in a § 2254 petition, a district court is required to consider the issue of exhaustion. See Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B). Section 2254 provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." Lambert, 134 F.3d at 513-14.

2

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004).  To exhaust, a petitioner in the custody of the State of New Jersey must fairly present his federal claims to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court.  See Toulson, 987 F.2d at 987-89.

In this case, the face of the § 2254 Petition shows that Ragland did not exhaust his habeas claim before all three levels of the New Jersey courts.  Ragland raised his habeas ground in his post-conviction relief petition, but he has not presented the ground to the Appellate Division of the New Jersey Superior Court or to the New Jersey Supreme Court.  Unless exhaustion is excused, this Court is statutorily precluded from granting Ragland a writ, no matter how meritorious his federal claim.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Lambert, 134 F.3d at 513.

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  "[U]nless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim."  Lambert, 134 F.3d at 517; see also Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012). Section 2254(b)(1)(B)(i) does not excuse Ragland's failure to exhaust because no state court has determined that state post-conviction relief is precluded and Ragland states on the face of the Petition that his post-conviction relief petition is pending.  Nor does § 2254(b)(1)(B)(ii) excuse

the failure to exhaust in this case. Section 2254(b)(1)(B)(ii) excuses failure to exhaust where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). Here, Ragland's failure to exhaust is not excused under this provision because nothing presented to this Court suggests that New Jersey's appellate review procedures are inadequate to adjudicate his federal claim.

**B.    Stay and Abeyance**

When faced with a petition, such as Ragland's, which contains an unexhausted claim, a District Court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2). See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d 2011); Mahoney v. Bostel, 366 F. App'x 368 371 (3d Cir. 2010); Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008).

Option 1 - stay and abeyance - is not appropriate in this case because it does not appear that Ragland would have a statute of limitations problem if he filed a new § 2254 petition after exhausting his federal claim. Ragland filed his post-conviction relief petition in the trial court on May 31, 2014, less than three months after entry of the judgment of conviction on March 14, 2014,

4

and 28 U.S.C. § 2244(d)(2) tolls the statute of limitations[1] during the pendency of a properly filed post-conviction relief petition in the state court.  Because timeliness is not an issue, it is not appropriate to enter a stay.  See Williams v. Walsh, 411 F. App'x 459, 461 (3d Cir. 2011) ("Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a . . . habeas petition to allow complete exhaustion in state court").

Option 2 - allowing Ragland to delete the unexhausted claims and to proceed on the exhausted claims - is not available, since his § 2254 Petition presents only one claim and that claim has not been exhausted.  Option 4 - denying the unexhausted claim on the merits - is not appropriate here, as this Court is not prepared to hold at this early stage that Ragland's federal claim is plainly without merit.  See Rhines, 544 U.S. at 277; Carracosa v. McGuire, 520 F.3d 249, 255 n.10 (3d Cir. 2008); Lambert, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Gattis v. Snyder, 278 F.3d 222, 237-38 (3d Cir. 2002);

Option 3 - dismissal of the Petition without prejudice - is warranted in this case, as "dismissal of the entire petition would [not] unreasonably impair the petitioner's right to obtain federal relief."  Rhines, 544 U.S. at 278.  This Court will dismiss the Petition without prejudice for failure to exhaust.  See Rose v. Lundy, 455 U.S. 509 (1982); Aruanno v. Sherrer, 277 F.App'x 155 (3d Cir. 2008).  The dismissal is without prejudice to Ragland's filing a new § 2254 petition,

---

[1] A 365-day period of limitation applies to a § 2254 petition.  See 28 U.S.C. § 2244(d).  The 365-day statute of limitations begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

subject to the 365-day statute of limitations, after he exhausts his federal ground in all three levels of the New Jersey courts.

**C.     Certificate of Appealability**

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition without prejudice for failure to exhaust is correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.   CONCLUSION

This Court dismisses the Petition without prejudice as unexhausted and denies a certificate of appealability.

s/William J. Martini

WILLIAM J. MARTINI, U.S.D.J.

Dated: March 10, 2015